The decision below is signed as a decision of

the court.

Signed: December 03, 2008.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| LEONARD CARPENTER, | ) | Case No. 08-00400 |
| | ) | (Chapter 13) |
| Debtor. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION RE MOTION
<u>TO ALTER OR AMEND ORDER VACATING DISMISSAL</u>

Stephen Shames seeks to amend an order that vacated an earlier order dismissing this case.  Specifically, Shames seeks an order clarifying that a foreclosure sale held *after* the case was dismissed and *before* the dismissal order was vacated did not violate the automatic stay of 11 U.S.C. § 362(a).  The motion will be granted.

I

An order entered on August 25, 2008, dismissed the debtor's case with prejudice for 180 days.  On September 15, 2008, the debtor filed a motion to reconsider the dismissal of the case.  The debtor did not seek a stay of the order of dismissal pending the outcome of his motion to reconsider.  The chapter 13 trustee opposed the motion to reconsider, and the court set a hearing to

be held on October 24, 2008, to address the debtor's motion.  In the meantime, on October 21, 2008, a foreclosure sale of the debtor's real property known as 909 8th Street, N.E., Washington, D.C., was conducted on behalf of Shames, who held a secured claim against the property.  An order entered on October 30, 2008, granted the debtor's motion to reconsider, and vacated the dismissal order.

                                II

The automatic stay terminates upon the dismissal of a case. See Fish Mkt. Nominee Corp. v. Pelofsky, 72 F.3d 4, 6 (1st Cir. 1995) ("[T]he stay under section 362(a) itself expired as soon as the judgment dismissing the chapter 11 case was entered . . . ." (citations omitted)).  Although the automatic stay is implicitly reinstated once a dismissal order is vacated, the reinstatement cannot be retroactive.  When the foreclosure sale was held, there was no automatic stay in place, and the sale cannot now become a sale that was barred by what was then a non-existent automatic stay.  Lomagno v. Salomon Bros. Realty Corp. (In re Lomagno), 320 B.R. 473, 480 (1st Cir. BAP 2005).  The debtor does not suggest that some due process violation ought to give rise to an exception to the non-retroactivity of the automatic stay, and, in any event, cases applying such an exception, as discussed in In re Lomagno, 320 B.R. at 480-81, appear really to turn on creditor misconduct that can be addressed without resorting to

retroactively reimposing the automatic stay.

Even disregarding the substantial prejudice that Shames would suffer if the automatic stay were imposed retroactively, his foreclosure sale, as a matter of law, must be held not to have violated the automatic stay. The debtor claims that he will suffer greater prejudice if the automatic stay is not reimposed retroactively than Shames will suffer if it is reimposed retroactively, but the issue does not turn on relative prejudice.

III

Shames asks for an award of attorney's fees, pointing to the debtor's silence regarding the concluded foreclosure sale when he appeared at the hearing on the motion for reconsideration, and the debtor's threatening that the sale would be attacked as null and void based on reinstatement of the case. Shames has not shown an adequate basis for shifting his attorney's fees pursuant to any recognized exception to the American rule that each party is to bear its own attorney's fees. His request for an award of attorney's fees will thus be denied.

IV

An order follows.

[Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Chapter 13 Trustee; Joel S. Aronson, Esq.